CROUSILLAT *against* M'CALL.

IN ERROR.

Philadelphia,
Monday,
March 29.

THIS was an action of *account render*, brought by *Crousillat* in the Common Pleas of *Philadelphia* county. After judgment *quod computet*, auditors were appointed, who on the 16th of *October* 1810, reported an *account* between the parties, and also awarded, in conformity therewith, that the sum of 4394 dollars 66 cents, the balance of that account, was due from the plaintiff to the defendant, with interest from the 17th of *April* 1810. On the 1st of *December* the plaintiff filed suggestions for allowance and disallowance, consisting of ex-

In account render, the course of the action is to take issues before the auditors, upon all matters in discharge of the account, alleged by one party, and denied by the other; which issues are certified to the Court by court or jury.

by the auditors, and accordingly as they are of law or fact, are decided The auditors then regulate their account by the result, and report it to the Court. Exceptions taken to an account reported by auditors, after the same has been returned, are irregular, and of no effect.

1813.

CROUSILLAT
*v.*
M'CALL.

ceptions to overcharges on the defendant's side of the account, and short credits on his own. On the 9th of *February* the Common Pleas dismissed the exceptions, and entered judgment for the defendant; on the 19th of *February*, so much of the entry as related to the judgment, was by order of the Court altered, and an entry made that the report of auditors was confirmed; upon which this writ of error was brought.

*Phillips* and *Ingersoll* for the plaintiff in error, took five exceptions to the proceedings below.

1. That the suggestions had been erroneously dismissed. By the practice in this state those exceptions were filed in due time and order. The report of the auditors, which sets forth that they had heard the parties and witnesses, and examined the vouchers, evidently shews a controversy and dispute before them. It was therefore a case for exceptions; and not an instance can be found in the juridical history of this state, in which there has been a plea or demurrer before auditors, or an objection taken in any other way, than was done below. It is contrary to the genius of our system, from which every species of form that tends to perplex or entangle the suitor, has been immemorially rejected; and there is a particular reason for abolishing useless forms in the action of account render, because it is the only action that we possess to compel an account. In its best shape it is inconvenient, dilatory, and expensive. The leaning of the court should therefore be to render the action practicable and useful; and nothing can contribute more to this end, than to permit every thing to be done *ore tenus* before the auditors, except the mere exhibition of the accounts, in the place of pleading, and to listen to objections taken after the account is returned, as in the case of a common report. Practice is in its favour. It was done in *Holland* v. *Mackie*, and in *Moore* v. *Hunter* (*a*), the only cases in this court where the question has arisen; and as to what is said in the latter case in approbation of the old practice, it is to be regretted that the decison was not published when it was pronounced, as it was supposed, that by confirming *Holland* v. *Mackie*, it justified the proceedings in

(*a*) 3 *Binn.* 475.

1813.

CROUSILLAT
v.
M'CALL.

this suit. Convenience is also in its favour; and so we submit are the *English* cases, when rightly understood. It is not essential that a plea or demurrer should be put in before the auditors. Lord *Coke* is express, that if the auditors do not allow the party what he ought to have, *he may shew his grief to the justices, and they ought to do him justice.* 1 *Vin.* 168. *Account R.*, 2 *Inst.* 381., 3 *Woodeson* 83, 84. " If either of the " parties think they do him injustice, he may apply to the " court; and if the defendant denies any article or demurs to " any demand, it is to be tried and determined in court." 1 *Bac. Abr.* 38. *Accompt F.*

From these authorities it follows, that the Court may be called upon to interpose their power in correcting the errors of the auditors, which cannot be if pleas, demurrers, and the like, *must* be made before the auditors, and issue joined there.

2. Judgment was entered for the defendant below, for the balance due by the plaintiff. This was clearly erroneous; and the Court have no power at a subsequent day to correct the entry. The defendant cannot take judgment for a balance that is found due to him. His remedy if any, is by *scire facias* on the report. Act of 1705, 1 *Smith's Laws* 50.

3. It does not appear that the defendant was sworn. " He " who is awarded to account, swears that he will account " well and lawfully." 1 *Vin.* 172. *Account U. pl.* 9. The auditors being a subordinate tribunal, the due exercise of their powers ought to appear.

4. The auditors should only have stated an account. *F. N. B.* 270. They have made a report as referees, and the account returned, is neither connected with the report, nor identified as their account.

5. The auditors tried the issues themselves. From their examination of witnesses and vouchers, it clearly appears that there were contradictory statements; and if so, it was *their* duty to form the issues, and certify them to the court.

*Binney* and *Tilghman* for defendant in error. 1. The first exception does not turn upon practice, but upon the rules of the common law in relation to account render. If it were a question of practice, the Common Pleas, who are judges of their own rules, have settled it against the plaintiff; and let

1813.

CROUSILLAT
*v.*
M'CALL.

this Court fashion its own proceedings as it may, it can never reverse a judgment of the Common Pleas, for being against the practice of this Court. The judgment is good, if it conforms either to the practice of the Common Pleas, or to the common law. The only question is whether that judgment is erroneous. The substantial objection to the plaintiff's argument, is that it refers exceptions to the Court, which by the course of the common law are triable by a jury. The course of the action is this: If either plaintiff or defendant takes exceptions in law or fact before the auditors, issues to the whole extent of the controversy are joined, and are returned to the Court for their appropriate mode of trial. In the mean time the auditors are respited, *venires* are issued for the trial of the facts, the Court decide the issues of law, and when the decisions take place, the auditors make up their account, report it, and are discharged. This incontestably appears from these authorities. *Tresham* v. *Ford* (a), *Pendarvis* v. *St. Arbin* (b), *Bishop* v. *Eagle* (c), *Kirk* v. *Lucas* (d), *Baynton* v. *Cheek* (e), *Sadock* v. *Burton* (f), *Burdet* v. *Threele* (g), *Andrews* v. *Roberts* (h), *Godfrey* v. *Saunders* (i). 1 *Com. Dig.* 117. *Accompt.* E. 6., 1 *Selw. N. P.* 7., *Bull. N. P.* 128., 2 *Inst.* 381., 1 *Wentw. Plead. Ind.* 1., *Brownl. Red.* 4. 10., 1 *Brown. Entr.* 115., *Co. Ent.* 46, 47., 1 *Vin.* 171. *pl.* 4. 172. *pl.* 11. 173. *pl.* 13., *Rast. Entr.* 14, a. 15, a. 16, a., *Bro. Abr.* 11. *Account. pl.* 45., 1 *Mall. Entr.* 53. 74. If the plaintiff's exceptions are tried by the Court, they become the triers of fact, as well as law; if by a jury, and the objections are found valid in part, and bad in part, who makes up the account? The auditors are discharged when they send in their report. It cannot then go back to them; and if not, the Court or the jury must be auditors. But on what is the judgment to be rendered? The common law says on the account of the auditors; but by the plaintiff's argument it would be partly on their account, partly on the finding of the jury upon the issues of fact, and partly upon the decision of the Court on issues of law. This shews the fallacy of the argument, for such a course would be without precedent at the common law. In fact the question may

(a) *Cro. Eliz.* 830.　　　(d) *Style* 430.　　　(g) 2 *Lev.* 160.
(b) *Style* 410.　　　　　(e) *Ib.* 353.　　　　(h) 1 *Lutw.* 47.
(c) 10 *Mod.* 22.　　　　(f) *Yelv.* 202.　　　(i) 3 *Wils.* 92.

be considered as settled by *Moore* v. *Hunter* (*a*). What Lord     1813.
*Coke* remarks about shewing one's grief to the justices, is said  CROUSILLAT,
to distinguish auditors assigned by the Court, from the case          *v.*
of auditors assigned by the Lord. In the latter, the statute of   M'CALL.
*Westminster* gives the writ *ex parte talis*, by which the cause
is removed to the Barons of the Exchequer; in the former,
of which he is speaking, redress must be in the same court
where the auditors are assigned, and not before the barons.
This is the reason for saying they may shew their grief to
the justices. No doubt the justices will do the party right, if
the auditors will not permit issue to be joined, or according
to the course of the action, if issue is joined. Lord *Coke* says
nothing to negative the joining of issue before the auditors.

2. The judgment for the defendant was right, for there
must always be judgment for the defendant, at least for costs,
where the plaintiff does not recover. But here at an adjourned
court, part of the same term, when the court had full power
over the minutes, the entry was altered.

3. The oath is not essential. Auditors are *empowered* by
4 *Ann. ch.* 16, to administer it, but not required. Besides it
does not appear that the oath was not taken. It is not more
essential that the oath should appear to have been taken by
the accountant, than by a witness.

4. The auditors have stated and returned an account. The
report is *surplusage.*

5. There is not a shadow of evidence on the record that
the parties had any controversy whatever before the auditors;
and of course it does not appear that they tried an issue.

TILGHMAN C. J. After stating the case and exceptions,
delivered his opinion as follows.

1 The first is the principal objection on which the plain-
tiff relies. The action of account render has not been fre-
quent in our courts; and where it has been used, it has often
been conducted *by consent*, in a manner which was conve-
nient to both parties. It has either been agreed that the
jury should find a verdict for plaintiff or defendant, as in
common actions, or that the auditors should make a report
as referees. In the case of *Moore* v. *Hunter*, 3 *Binn.* 475,
the Court were led to an investigation of the true mode of

(*a*) 3 *Binn.* 475.

CROUSILLAT
v.
M'CALL.

proceeding; and although for particular reasons, exceptions to the report of the auditors were permitted to be filed and acted upon in that case, yet it was expressly mentioned, that in future, it was expected that the proceedings should be conducted, " according to the principles and practice to be " found in the books." The Court did not then decide what those principles were; yet there was a pretty plain intimation of their opinion on that subject. It has now been fully and well argued; and from the cases cited it plainly appears, that if the matters offered by the defendant in discharge of the plaintiff's demands, are disputed by the plaintiff, he may either demur or take issue before the auditors. If there are more points of dispute than one, there may be a demurrer or an issue on each, which are to be certified by the auditors to the Court, and then the matters of law will be decided by the Court, and the issues in fact by a jury, after which the account will be finally settled by the auditors according to the result of the trials. It is said on the part of the plaintiff, that these proceedings are tedious, expensive and inconvenient, and that the Court ought to embrace the present opportunity of modelling this action so as to render it more useful. That the proceedings are tedious and inconvenient is certain, and for that reason, the action has for a long time been very little used in *England*, where the Court of Chancery affords a more complete remedy. But it does not follow from the inconvenience of the thing, that we have a right to make innovations. Where the forms of an action are well ascertained, we have no right to alter them even in our own Court, much less have we a right to compel the Court of Common Pleas to alter them. It does not appear for what reasons the exceptions were dismissed. It is said, and I suppose truly, that it was because the Court of Common Pleas were of opinion that the matters contained in them ought to have been pleaded before the auditors. For any thing that appears on the face of the record, we cannot presume that there was any matter in dispute before the auditors, because they have made no mention of any such matter. With no propriety therefore can we say that the Court below were wrong in rejecting the exceptions. The plaintiff's counsel have urged that if either party has cause of complaint against the auditors, there is no mode of redress but by complaint to the Court. This is very

true; and when there is cause of complaint, the Court are bound to give redress. If either party desires to join an issue, and the auditors refuse permission, the Court will set the matter to rights. So if the auditors conduct themselves with any manner of impropriety to the injury of either party, redress may be had on application to the Court.

2. The second objection is contradicted by the record. The judgment which was first entered, was struck out, and the report confirmed. Whether judgment could have been lawfully entered for the balance reported in favour of the defendant, or whether the defendant may by virtue of our act of assembly, hereafter sue out a *scire facias* against the plaintiff, for the balance so reported, are matters not now in question. All that the Court of Common Pleas did was to confirm the report.

3. The third exception was given up in the course of the argument. Indeed if an oath were even necessary, it does not appear that it was not administered. No complaint of this kind was made in the court below.

4. There is nothing in the fourth exception. The auditors did state an account which they returned along with their report.

5. The fifth exception is not founded in fact. It does not appear that any issue was joined, or even tendered before the auditors.

My opinion on the whole, is, that the judgment should be affirmed.

YEATES J. Gave no opinion, having been unwell during the argument, and unable to attend.

BRACKENRIDGE J. I have always felt a strong disposition to get over the application of a rule of practice, or to change the rule, when it is in the way of the attainment of justice in a particular case. But the application is one thing, and the change of the rule is another. In *Moore* and *Hunter*, the question was the application of the rule. It was not applied there, owing to the case of *Holland* and *Mackie* having led to a misunderstanding of the rule. The like misunderstanding is said to exist in this case; the counsel declaring themselves not to have been apprized of what had been laid down as the rule in *Moore* v. *Hunter*. But there is an essential difference

margin note: 1813.

CROUSILLAT
v.
M'CALL.

1813.

CROUSILLAT
v.
M'CALL.

between dispensing with the application of our own rule in a case originating in this Court, and that of a case brought up by a writ of error, where the judgment has been precisely what we then said it ought to be. It has been rendered abundantly clear, that in an action of account render, the matters in controversy cannot be taken in bulk; but there must be a simplification, and the fact separated from the law by demurrer or joining issue. By the analogy of our *Pennsylvania* practice, this need not be by form at length, but in brief, as *ore tenus* in *England* was originally the case, before special pleadings came in use. This removes one objection at least to the expense of this mode of proceeding, in the action of account render with us. I have been thinking of taking up the question of practice in this action, on the ground of what it ought to be, if it were for the first time to receive a consideration; or rather what it ought to be if in a legislative capacity, we were to say, what in future it ought to be. The alternative of this practice would be, unless original chancery jurisdiction was given, that as in the case of other auditors, the Court should have a superintendance and approve. This would lead to all the uncertainty and vexation, and guessing in the dark, which attends the examination of reports of referees.

But were a Court in the last resort, which has the power to change a rule of practice, disposed to do it, there is an impediment in the way here. It is taking away the trial by jury from the action of account render, so far as respects the issues in fact, which has been questioned to a certain extent, as not being within the power of the legislature itself. The possible injustice done in this particular case, is all that remains to pass upon now, and that does not appear. It can only be said, that it might have appeared, if it could have been examined by the Court below. The presumption is, that no injustice was done, especially by such intelligent auditors as are said to have passed upon the accounts mutually exhibited with vouchers and explanations. No misbehaviour of parties or auditors, such as would affect the verdict of a jury, was alleged or put upon the record of the Court below, but suggestions of mistake, &c. offered only. Even if there had been error, I do not see how it could be relieved in this stage of the proceeding. Better a particular mischief, than a general inconvenience.

Judgment affirmed.